UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

IN RE:

DOUGLAS K. SMITH, MD,                        Bankruptcy Case No. 21-50519-RBK

    *Debtor*.

_____

DOUGLAS K. SMITH, MD,

    *Appellant*,

v.                                                   Case No. SA-21-CV-1045-JKP

ALLEN M. DEBARD,                         (Appeal from Order in Adversary
                                                           Proceeding Case No. 21-05096-RBK)

    *Appellee*.

## MEMORANDUM OPINION AND ORDER

Before the Court is an appeal from an order in Adversary Proceeding Case No. 21-05096-RBK. Pursuant to 28 U.S.C. § 158(a), Appellant Douglas K. Smith, MD, ("Dr. Smith" or "Appellant") appeals an order of the Bankruptcy Court issued on October 14, 2021. Appellant proceeds pro se in this appeal. In the appealed order, the Bankruptcy Court found that Appellant lacked standing to pursue the Adversary Proceeding and it thus granted a motion to dismiss and denied a motion for entry of default judgment.[1]

On December 27, 2021, the Bankruptcy Court certified Appellant's designation of the record on appeal ("ROA") as complete and transmitted designated items.[2] ECF No. 3. Two weeks later,

---

[1] The denial of the motion for default judgment was affirmed in a related bankruptcy appeal. *See Smith v. DeBard (In re Smith)*, No. 21-CA-1044-FB, unpub. ord. (W.D. Tex. May 25, 2022).

[2] This transmittal (ECF No. 3) contains five attachments: (1) Appellant's Designation of Items to be Included in the Record on Appeal (ECF No. 3-1) listing the designations; (2) Designated Documents (ECF No. 3-2) for Adversary Proceeding 21-05096-RBK; (3) Designated Documents (ECF No. 3-3) for Bankruptcy Case No. 21-50519-RBK; (4) Designated Documents (ECF No. 3-4) ) for Bankruptcy Case No. 20-50578-RBK; and (5) Docket Sheet (ECF No. 3-5) of the Bankruptcy Court for the Adversary Proceeding.

the Bankruptcy Court certified Appellee's designation of the ROA as complete and transmitted the additional designated items.[3] ECF No. 4. Appellant filed his appellate brief on January 5, 2022. *See* ECF No. 7. A month later, Appellee filed his brief (ECF No. 8). Appellant thereafter filed a reply brief (ECF No. 9) on February 14, 2022. The appeal is ready for ruling.

Having considered the issues raised in this appeal to the extent necessary, the arguments of the parties, the relevant portions of the record, and the applicable principles of law, the Court finds no need for oral argument and, for the reasons that follow, it affirms the order of the Bankruptcy Court because Appellant has waived or abandoned all potential errors related to standing and asserts no appellate issue that merits reversal of the order of dismissal.

## I. BACKGROUND

Appellant filed for Chapter 11 bankruptcy on April 30, 2021. Four months later, on August 18, 2021, the case was converted to a Chapter 7 bankruptcy case and a Trustee was appointed. Appellant commenced Adversary Proceeding No. 21-5096-RBK on August 26, 2021, by filing a complaint against Appellee. Within that complaint, Appellant asserted that the Adversary Proceeding constitutes a core proceeding. On the date of the complaint, the Trustee retained control over Appellant's bankruptcy estate. The next month Appellee moved for dismissal. About a week later, Appellant moved for entry of default judgment. On October 14, 2021, the Bankruptcy Court granted the motion to dismiss because Appellant lacked standing.

Appellant commenced this bankruptcy appeal on October 26, 2021, to appeal the order granting the motion to dismiss. *See* ECF No. 1-1. His original statement of issues lists eleven issues for appeal. *See* ECF No. 3-1 at 5-7. An amended statement of issues lists eight issues, *see* ECF No. 6, that are restated in his appellate brief, *see* ECF No. 7 at 1. Although Appellant appeals an order

---

[3] This additional transmittal (ECF No. 4) contains three attachments: (1) Appellee's Designation of Record (ECF No. 4-1) listing designations; (2) Designated Documents (ECF No. 4-2) for Bankruptcy Case No. 21-50519-RBK; and (3) Docket Sheet (ECF No. 4-3).

granting a motion to dismiss for lack of standing, he does not address standing in his appellate brief, or his statement of issues set forth therein. *See*, *generally*, *id*.

Appellee, dissatisfied with Appellant's statement of issues, presents two issues for the Court's consideration: (1) whether Appellant had standing to file Adversary Proceeding No. 21-005096-RBK and (2) whether Appellant has adequately briefed any issue he raises on appeal. *See* ECF No. 8 at 10. Appellee urges the Court to strike Appellant's brief and dismiss the appeal, or alternatively, find that the Bankruptcy Court committed no reversible error and thus affirm the order to dismiss. *See id*. at 15.

In his reply brief, Appellant confronts the issues identified by Appellee. *See* ECF No. 9. In conclusion, Appellant argues that "Appellee's objections are inapplicable to the actual Plaintiff in the case." *Id*. at 12. He states that "[t]his appeal is whether the court erred by dismissing based upon Appellee's misrepresentation and the court's misunderstanding of the actual Plaintiff in the Complaint." *Id*.

On August 19, 2022, this bankruptcy appeal was reassigned to the undersigned. *See* ECF No. 10. Notably, the reassignment order was returned because Dr. Smith had not updated his mailing address. *See* ECF No. 11.

## II. PRESERVATION OF ISSUES, WAIVER, AND ABANDONMENT

The issues included in Appellants' original statement of issues properly preserve the issues for appeal. *See Highland Cap. Mgmt. Fund Advisors, LP v. Highland Cap. Mgmt., LP (In re Highland Cap. Mgmt., LP)*, 57 F.4th 494, 499-500 (5th Cir. 2023).

> Bankruptcy Rule 8009—previously Rule 8006—requires that, in an appeal to a district court or bankruptcy appellate panel, "[t]he appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented."

*Id*. at 499 (quoting Fed. R. Bankr. P. 8009(a)(1)(A)). An issue is not preserved for appeal, "even if [it] is argued in the bankruptcy court and ruled on by that court . . . unless the appellant includes the

3

issue in its statement of issues on appeal." *Id.* (quoting *Smith ex rel. McCombs v. H.D. Smith Wholesale Drug Co. (In re McCombs)*, 659 F.3d 503, 510 (5th Cir. 2011)). Furthermore, even if an unpreserved issue is "argued before the district court," it "is waived on subsequent appeal to the Fifth Circuit." *Id.* at 500 (same). As the Fifth Circuit has

> previously held, "the rules regarding preservation of issues on appeal in bankruptcy cases apply with equal force regardless of whether the appeal is from the bankruptcy court to the district court ... from the district court to the court of appeals ... or from the bankruptcy court to the court of appeals"—in other words, Appellants' "statement of issues must be considered to determine whether [they] properly preserved for appeal the issues and arguments contained in [their] brief."

*Id.* (quoting *In re McCombs*, 659 F.3d at 511).

Additionally, a party may abandon an issue preserved for appeal by failing to brief it adequately in the appellate brief. *See Assadi v. Osherow (In re Assadi)*, No. 22-50452, 2022 WL 17819599, at *2 (5th Cir. Dec. 20, 2022) (per curiam) ("Assadi abandoned this issue by inadequately briefing it before the district court.); *Ramirez v. Escajeda*, 921 F.3d 497, 500 (5th Cir. 2019) (recognizing that parties abandon issues "[b]y presenting but failing to brief" the issues); *United States v. Arizpe*, 371 F. App'x 521, 522 (5th Cir. 2010) (per curiam) ("We will not raise and discuss legal issues that Arizpe has failed to assert; those issues are deemed abandoned."); *Saddler v. Quitman Cnty. Sch. Dist.*, 278 F. App'x 412, 416 (5th Cir. 2008) (per curiam) (deeming an issue abandoned when the appellant "failed to raise the issue in her opening brief"); *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) ("Claims not pressed on appeal are deemed abandoned."). Briefing schedules arising from applicable bankruptcy rules of procedure create an expectation that "issues in bankruptcy appeals [are] to be raised and argued in appellant's brief." *MortgageAmerica Corp. v. Bache Halsey Stuart Shields Inc.*, 789 F.2d 1146, 1150 (5th Cir. 1986). "An original brief abandons all points not mentioned therein, and also those points assigned as error but not argued in the brief." *Id.* (quoting parenthetically *Martin v. Atl. Coast Line R.R. Co.*, 289 F.2d 414, 417 n.4 (5th Cir. 1961)).

4

Based on the foregoing, Appellant has waived or abandoned any argument regarding standing. Because that was the sole basis for the Bankruptcy Court's dismissal and because Appellant asserts no appellate issue that merits reversal of the order of dismissal, this Court finds that this appeal presents no basis to reverse or remand. Appellant's arguments in reply come too late and will not be considered.

### III. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the order of the Bankruptcy Court because Appellant has waived or abandoned any challenge that he may have had to the dismissal on grounds of standing and asserts no issue that merits reversal or remand. Contemporaneously, with this Memorandum Opinion and Order, the Court will issue a final judgment affirming the order.

**IT IS SO ORDERED this 2nd day of March 2023.**

*[signature: Jason Pulliam]*

**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**